Walter S. Lederer, Trustee,
vs. No. 86227
Pequot Cleansers & Dyers, Inc.

November 14, 1931.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover rent, the amount due being $1,006.03.

The sole question is whether defendant named is liable for this rent. The premises were rented to Cleanrite Cleansers & Dyers, Inc., one of a chain of stores which collected and delivered to defendant articles to be cleansed or dyed, charged the persons who thus entrusted said articles to it, and collected the amount due. It was an independent corporation.

The Cleanrite Cleansers & Dyers, Inc., became financially embarrassed and failed to pay the rent due.

September 23, 1930, plaintiff wrote a letter to defendant in which he notified the defendant as follows:

"We also wish to inform you that your rent for the month of October will be · billed under the Pequot Cleansers & Dyers. Kindly let us know if this will be satisfactory."

From this period, on the books of account of plaintiff the rent was charged to defendant.

Where the issue is to whom credit was given, books of account are not generally admissible.

*Churchill* vs. *Hebden*, 32 R. I. 35.

After receipt of this letter of September 23, 1930, plaintiff and a representative of defendant met and an agreement was entered into, as testified by one Askalian, president of the defendant corporation and a stockholder in the Cleanrite Cleansers & Dyers, under which a certain amount of the arrears of rent due should be taken care of by the Cleanrite Company, and that the rent should be thereafter paid at the rate of $37.50 per week. Askalian denied that any guarantee as to the rent of said Cleanrite Company was ever made by defendant corporation.

A number of checks of the Cleanrite Company to plaintiff are a part of the record, and also receipts signed by plaintiff as having received these amounts from the Cleanrite Cleansers & Dyers, Inc. These would seem to corroborate the testimony of Askalian.

There was no agreement in writing of any promise on the part of defendant corporation to assume the rent due from the Cleanrite Cleansers & Dyers, Inc.

In the absence of any agreement in writing under all the testimony, plaintiff cannot recover.

*Wood* vs. *Patch*, 11 R. I. 445;

*Churchill* vs. *Hebden*, 32 R. I. 35;

*Matteson* vs. *Moone*, 25 R. I. 129.

Decision for defendant.

For plaintiff: P. C. Joslin-Aisenberg.

For defendant: Emerson & Mason.